UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VISHNUKUMAR PATEL ,

                          Petitioner,

        v.

A. COOPER,

                          Respondent.

CASE NO. 2:25-cv-00158-BHS-BAT

**REPORT AND
RECOMMENDATION
FOR DISMISSAL**

Petitioner, Vishnukumar Patel is serving a 40-month federal criminal sentence at the Federal Detention Center SeaTac (FDC SeaTac) that was imposed by the United States District Court for the Middle District of Georgia in case number 4:22-cr-00024. *See* Habeas Petition, Dkt. 3 at 4. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 requesting the Court order the Bureau of Prisons (BOP) grant him First Step Act (FSA) early release credits. On March 25, 2025, the United States filed a response contending the Court should dismiss the habeas petition because Petitioner has failed to exhaust his administrative remedies, his request for relief is not ripe, and he failed to engage in recidivism reducing activities during the time-period at issue (between sentencing and his arrival at FDC SeaTac) that are required to earn First Step Act (FSA) early release time credits.

This matter is noted for April 22, 2025 for the Court's consideration and is thus ripe for

REPORT AND RECOMMENDATION - 1

1    review. The Court having reviewed all pleadings and the record recommends DENYING and

2    DISMISSING the habeas petition with prejudice.

3                                    **BACKGROUND**

4         Petitioner alleges in his § 2241 petition[1] that he pleaded guilty in the Middle District of

5    Georgia and was sentenced to a term of imprisonment of 40-months. As grounds for relief, he

6    alleges:

7              Respondent BOP has failed to follow 9th Circuit law, which
               unequivocally states an inmate is eligible for FSA credits from the
8              date of sentencing not designation. See <u>EX-A</u> for memorandum of
               law in support. Petitioner is subject to immediate release if BOP
9              follows the law. His continued custody is unlawful. Petitioner
               served 4 months 16 days at Olilla, Irwin County awaiting transfer
10             to his designated facility (FDC SeaTac). FDC then started FSA
               credits from Aug 6th long after arrival rather than Feb 29, 2024
11             (See EX-c for BP-9) he is due 60 days credit for time spent
               awaiting after sentencing and FDC's delay starting, Petitioner has
12             attempted to exhaust all available administrative remedies that are
               available out of good faith. He is not legally required to do so
13             based on 9th Circuit authority and considering exhaustion at FDC
               is an impossible task as noted by Judge Kate Vaughan and
14             Peterson. See <u>Ex-B</u> memorandum of law on this issue. See <u>EX-C</u>
               for warden's response to BP-9.

15   Dkt. 3 at 4-5.

16        On March 25, 2025, Respondent filed an answer and return with supporting exhibits

17   outlining the procedural history of Petitioner's underlying criminal conviction and incarceration,

18   and contending the Court should deny and dismiss the habeas petition.

19        Respondent avers Petitioner was sentenced on February 29, 2024 and remanded to

20   custody. Dkt.6 at 2 (Ex. 2 at 4). Petitioner was initially held in state custody after he was

21   sentenced and before arriving at FDC SeaTac which was designated place of incarceration. *See*

22

23

---

[1] The Court notes Petitioner filed a "revised" notarized habeas petition that tracks his unnotarized original petition. *See* Dkt. 3.

FOR DISMISSAL - 2

Cho Declaration at 2. Petitioner arrived at FDC SeaTac on July 16, 2024. The Bureau of Prisons calculates that with good conduct time and FSA earned early release credits, Petitioner's projected release date is August 21, 2025.

In support of BOP's calculations, Respondent attached Petitioner's FSA Time Credit Assessment (Exhibit 3) which shows Petitioner started earning FSA time credits upon his arrival at FDC SeaTac on July 16, 2024. Since arriving at FDC SeaTac, Petitioner has engaged in FSA approved programing that has earned him 90 FSA days of credit that can be applied towards early release. BOP records indicate that before arriving at FDC SeaTac, Petitioner had not engaged in any programs or activities that qualify as evidence-based recidivism reduction activities that may be applied as FSA early release credits. *See* Cho Declaration at 2.

In his reply, Petitioner argues the Court should excuse the requirement he exhaust his administrative remedies on the grounds exhaustion would be futile, and that because he was eligible to earn FSA early release credits immediately following his sentencing in February the Court should order the BOP to award him FSA credits for the time he spent in state custody between that time and his arrival a FDC SeaTac in July. *See* Dkt. 8.

## DISCUSSION

### A.    Exhaustion of Remedies and Ripeness

Respondent contends the Court should dismiss Petitioner's § 2241habeas petition because Petitioner failed to exhaust his administrative remedies and his claim is not ripe.

As a prudential matter, courts require an inmate to exhaust all available administrative remedies before it agrees to reach the merits of a 28 U.S.C. § 2241 claim. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Courts apply the administrative exhaustion requirement to § 2241 to (1) develop a factual record that is

FOR DISMISSAL - 3

1    capable of being reviewed; (2) conserve judicial resources if relief is granted at the

2    administrative level; and (3) provide the administrative agency with the first opportunity to

3    correct its errors. S*ee Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).

4          However, exhaustion of administrative remedies is not a jurisdictional requirement of a §

5    2241 claim. *Ward v. Chavez*, 678 F.3d at 1045. The Court can waive the exhaustion requirement

6    if exhausting administrative remedies would be futile, inadequate, void, or would cause

7    irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Here, exhaustion is not

8    needed to develop the factual record. Respondent's answer establishes the record is complete

9    and, and in Respondent's view contradicts Petitioner's habeas request for relief. Consequently,

10   requiring Petitioner to exhaust his administrative remedies would be an exercise in futility as

11   Respondent avers there are no factual or legal bases to grant the relief he requests. The Court

12   accordingly concludes the exhaustion requirement should be waived.

13         Respondent also argues the Court should deny the habeas petition on the grounds

14   Petitioner's claim is not ripe. In support, Respondent contends Petitioner's FSA calculations are

15   factually unsupported and argues even accepting Petitioner's argument the Court should order

16   BOP to award FSA credits for the time he spent in state custody before arriving at FDC SeaTac,

17   he would not be immediately released immediately. Dkt. 6 at 6. This argument addresses the

18   merits of Petitioner's claim, i.e., should he be immediately released or not, not the ripeness of the

19   claim (which focuses on disallowing premature adjudication). Additionally, even under the

20   BOP's calculations, Petitioner is scheduled for release in August 2025. Thus, delaying action on

21   the grounds that his release is not "ripe" would essentially moot the remedy Plaintiff seeks which

22   is to be released before the scheduled August date. The Court thus concludes the ripeness

23   doctrine should not be applied as a basis for dismissal.

**B.      Petitioner is not entitled to FSA credits for time in state custody**

Petitioner's claim essentially challenges BOP's calculation of his FSA credits. The FSA permits inmates to gain FSA credits that may be applied to early release. To earn FSA credits that may be applied towards early release, an inmate must successfully complete evidence-based recidivism programming or productive activities. 18 U.S.C. § 3162(D)(4). The BOP is thus statutorily required to determine and provide "the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner and assign each prisoner to such programming accordingly." 18 U.S.C. § 3632(a)(3).

The First Step Act further states a prisoner "may not earn time credits . . . for an evidence-based recidivism reduction program that the prisoner successfully completed . . . during official detention prior to the date that the prisoner's sentence commences under section 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii).

At issue is Petitioner's claim he was eligible to earn FSA credits between the time he was sentenced in February 2024 and the time he arrived at his designated BOP facility, FDC SeaTac. Petitioner is correct he was eligible to earn FSA credits during this time- period but he is incorrect that his eligibility automatically entitles him to FSA early release credits. Respondent has submitted declarations and exhibits from the BOP showing that before Petitioner arrived at the FDC SeaTac, he had not successfully engaged in and completed any evidence-based recidivism reduction programs or productive activities that are required in order to earn FSA early release credits. Under the FSA, federal prisoners may be eligible to earn time credits but gain such credits only if they have successfully completed evidence-based recidivism reduction programs or productive activities. 18 U.S.C. § 3632(a). A prisoner's eligibility to earn FSA credits should not be conflated with whether a prisoner has actually and successfully completed

FOR DISMISSAL - 5

evidence-based recidivism reduction program or productive activities. Otherwise, all prisoners would automatically earn FSA early release credits even if they had never participated in any evidence-based recidivism program or productive activity.

The Court accordingly finds and concludes Petitioner's habeas claim he is entitled to be awarded FSA credits for the time period he spent in state custody between his sentencing in February 2024 and his arrival at FDC SeaTac in July 2024 is unsupported. There is no evidence Petitioner successfully completed any evidence-based recidivism reduction program or productive activities during this time-period. To the contrary, the only evidence is Petitioner did not successfully complete any evidence-based recidivism programs while in state custody and thus his claim lacks any factual support and should be denied and dismissed.

For the foregoing reasons, the Court **RECOMMENDS**:

1.      Petitioner's § 2241 writ for petition for habeas corpus be **DENIED** and **DISMISSED** with prejudice.

2.      The clerk shall provide a copy of this recommendation to the parties.

## OBJECTIONS AND APPEAL

Because this Report and Recommendation is not an appealable order, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 7, 2025.**  The Clerk should note the matter for **May 9, 2025,** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will

then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 23rd day of April, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

FOR DISMISSAL - 7