UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VISHNUKUMAR PATEL, | CASE NO. C25-0158 BHS BAT |
| Petitioner, | ORDER |
| v. | |
| A. COOPER, | |
| Respondent. | |

THIS MATTER is before the Court on Magistrate Judge Brian Tsuchida's Report and Recommendation (R&R), Dkt. 9, recommending the Court dismiss pro se petitioner Vishnukumar Patel's § 2241 habeas petition with prejudice. Patel's primary claim is that the Bureau of Prisons (BOP) has miscalculated his First Step Act (FSA) credits for the period he spent in state custody between his federal sentence, February 29, 2024, and his arrival at FDC SeaTac, July 16, 2024. Dkt. 3.

The government responded that Patel failed to exhaust his administrative remedies, that his claim is not ripe, and that he is not entitled to FSA credit because he was not engaged in anti-recidivism activities while in state custody. Dkt. 6.

ORDER - 1

1    The R&R concludes that exhaustion would be futile, and that the requirement
2    should be waived. It concludes that Patel's claims are ripe and that concluding otherwise
3    would potentially moot Patel's claim that he is eligible for release prior to his scheduled
4    release date in August 2025. Dkt. 9 at 4. It also concludes that his claim for FSA credits
5    for his state custody is unsupportable because there is no evidence he successfully
6    completed an evidence-based recidivism reduction program or other productive activities
7    while in state custody. Dkt. 9 at 5 (citing 18 U.S.C. §§ 3162(D)(4) and 3632(a)). It
8    concludes that being eligible for FSA credits is not the same as earning the credits by
9    completing the required programs or engaging in productive activities.  It recommends
10   the Court deny and dismiss Patel's habeas petition based on FSA credits he claimed he
11   earned during his post-sentence, pre-FDC state custody. *Id*. at 5–6.

12       Patel has not objected to the R&R. The government does not object to the
13   recommended dismissal of Patel's habeas petition, but it does object to the reasoning.
14       It contends that the R&R's conclusion Patel was "eligible" for FSA credits is
15   incorrect because the FSA does not contain such an entitlement. Dkt. 10 at 2. It contends
16   that the FSA does not set any date upon which an inmate becomes eligible for FSA
17   credits, but instead contains only a prohibition on earning such credits "before the date a
18   prisoner's sentence commences under § 3585(a)." *Id*. (citing 18 U.S.C. §
19   3632(d)(4)(B)(ii)). Thus, it contends, the FSA's prohibition on earning credits before a
20   sentence commences is not the same as a mandate that one is eligible for such credit once
21   the sentence commences. *Id*.

22

ORDER - 2

1     The government does not object to the R&R's finding that (whether or not he was eligible to do so) Patel did not successfully engage in an evidence-based recidivism reduction program or other productive activity while in state custody. *Id*.

    The government's objection appears to be correct, and it is noted. The R&R's recommended disposition of Patel's §2241 habeas petition is **ADOPTED**, the petition is **DENIED**, and this matter is **DISMISSED** with prejudice.

    The clerk shall enter a judgment and close the case.

**IT IS SO ORDERED**.

Dated this 13th day of May, 2025.

BENJAMIN H. SETTLE
United States District Judge